IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) ) ) ) ) ) ) ) ) | Criminal No. 1:15-cr-118-2 |
| v. |  |  |
| HUMAIRA IQBAL, |  |  |
| Defendant. |  |  |

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendant's Motion to Vacate her Sentence pursuant to 28 U.S.C. § 2255 or, in the alternative, 28 U.S.C. § 2241.

Defendant engaged in a fraudulent scheme to help loan applicants at SunTrust Bank receive loans by falsifying information on their loan applications. On February 29, 2016, a jury found Defendant guilty of two counts: (1) conspiracy to commit wire fraud affecting a financial institution, in violation of 18 U.S.C. § 1349; and, (2) wire fraud affecting a financial institution, in violation of 18 U.S.C. § 1343. On April 29, 2016, this Court sentenced Defendant to fifteen months imprisonment followed by two years of supervised release. Forfeiture and restitution orders were also entered against Defendant.

Defendant now seeks post-conviction relief, claiming that the Supreme Court has recognized a new and retroactive right that, as a matter of law, makes Defendant's past conduct no longer criminal. Defendant seeks relief under 28 U.S.C. § 2255(f)(3), claiming that the criminal statute that Defendant was convicted under has since been narrowed. Since no relevant change in law has occurred within a year of Defendant's motion, Defendant's § 2255 motion is untimely.

Under § 2255(f)(3), a motion is timely if three conditions are met: "(1) [the defendant] relies on a right recognized by the Supreme Court after [the] judgment became final, (2) [the defendant] files a motion within one year from the date on which the right asserted was initially recognized by the Supreme Court, and (3) the Supreme Court or [the Fourth Circuit] has made the right retroactively applicable." United States v. Brown, 868 F.3d 297, 301 (4th Cir. 2017) (internal quotations and citation omitted). Defendant's claim fails under this test.

Defendant argues that the Supreme Court announced a new right in Kelly v. United States, 140 S. Ct. 1565 (2020), that made her conduct no longer criminal. Defendant states that Kelly narrowed the scope of 18 U.S.C. § 1343 and added the requirement that the government show that a defendant committed wire fraud with the object or purpose of obtaining money or property. The issue is whether this element existed prior to the announcement

of <u>Kelly</u>.  Since the element existed before <u>Kelly</u>, Defendant cannot prevail on her § 2255 motion.

The "object or purpose" element of wire fraud is not new but has been recognized under the same or substantially similar language for many years.  See <u>Durlan v. United States</u>, 161 U.S. 306, 314 (1896) (prohibiting "intentional efforts to despoil"); see also <u>Cleveland v. United States</u>, 531 U.S. 12, 26 (2000) (stating that property must be an objective of fraud).  Even in <u>Kelly</u>, the Court stated that the object or purpose requirement was clear "(u)nder settled precedent." 140 S. Ct. at 1568.

The Fourth Circuit precedents also show that the object or purpose element is not new.  See <u>United States v. Raza</u>, 876 F.3d 604, 623 (4th Cir. 2017) ("To commit wire fraud, the defendants had to engage in a scheme to defraud, which is a deliberate plan . . . by which someone intends to deceive or to cheat another or by which someone intends to deprive another of something of value.")(internal quotations omitted)(ellipses in original); <u>United States v. Wynn</u>, 684 F.3d 473, 478 (4th Cir. 2012) ("Thus, the mail fraud and wire fraud statutes have as an element the specific intent to deprive one of something of value through a misrepresentation or other similar dishonest method, which indeed would cause him harm.").  The object or purpose element has been consistently applied in Supreme Court precedent and in the law of this Circuit.  Defendant cannot claim that the law was

3

newly announced within the year before filing her petition since this element of the offense has been included by courts long before Kelly.

Furthermore, Kelly does not require the government to prove that a defendant sought to deprive another of money for the defendant's own personal benefit. Kelly dealt with a scheme by government officials to close traffic lanes on a bridge in New Jersey for the purpose of frustrating a political rival. 140 S. Ct. at 1569-71. Money or property were not the purpose of the scheme, but merely an incident to it. Id. at 1572. If the government officials had used their positions to intentionally cause a loss to the city while benefitting either themselves or their associates, the case would be different. Id. at 1573. Kelly did nothing more than reiterate that the purpose or object of a fraudulent scheme must be money or property, not some other purpose. Id. at 1574.

In this case, Defendant's scheme falls within the parameters the Court set out in Kelly. Defendant defrauded a financial institution by falsifying loan information on loan applications and Defendant intended that the applicants be given loans. This shows that Defendant had the object that money leave the possession of SunTrust Bank and be given to the loan applicants. This conduct is no different than the Supreme Court's hypothetical where a mayor commits fraud by using city

4

money "to renovate his daughter's new home." Id. at 1573. According to Kelly, depriving someone of money for the benefit of a third party still falls under the wire fraud statute if the fraudster intended the deprivation to occur.

Since the Supreme Court recognized the object or purpose element well over a year before Defendant's motion, Defendant's § 2255(f)(3) motion is untimely.

Defendant offers two alternative forms of post-conviction relief: (1) relief under 28 U.S.C. § 2241, or (2) a writ of coram nobis to correct a fundamental error in Defendant's conviction. The Court finds that neither form of relief is available to Defendant.

Defendants may seek relief under § 2241 if a habeas petition under § 2255 "would be inadequate or ineffective to test the legality of [the] detention[.]" Farkas v. Warden, FCI Butner II, 972 F.3d 548, 551 (4th Cir. 2020) (internal quotation omitted). If a § 2255 motion is "fully adequate," the court lacks jurisdiction to hear a § 2241 motion. Id.

Defendant's § 2255 motion is fully adequate to address her challenge to her conviction. To meet the § 2241 exception to the general rule that convictions be challenged under § 2255, Defendant must satisfy a three-part test. In re Jones, 226 F.3d 328, 334 (4th Cir. 2000). "(1) at the time of conviction, settled law of this circuit or the Supreme Court established the

5

legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." Id. Defendant fails to meet the second element of this test since, as previously stated, the substantive law has not changed to make Defendant's conduct no longer criminal. Since § 2255 is fully adequate to assess the legality of Defendant's conviction, this Court does not have jurisdiction to hear Defendant's § 2241 motion. See Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) ("It is only when § 2255 proves inadequate or ineffective to test the legality of detention, that a federal prisoner may pursue habeas relief under § 2241.") (internal quotations omitted).

Finally, Defendant seeks a writ of coram nobis. "A writ of coram nobis is an exceptional remedy that may be granted only when a fundamental error has occurred and no other available remedy exists." United States v. Swaby, 855 F.3d 233, 238 (4th Cir. 2017) (citing United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988)). Writs of coram nobis are not available when the petitioner is still in custody and can pursue a writ of habeas corpus. See id. at 238-39; see also Chaidez v. United States, 568 U.S. 342, 345 n.1 (2013).

6

In this case, Defendant cannot use a writ of coram nobis to get around the procedural hurdles of a habeas petition. Defendant has the available remedy of a § 2255 motion. As the Fourth Circuit has stated, "§ 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision[.]" Farkas, 972 F.3d at 555. Defendant has the available remedy of § 2255 and cannot seek a writ of coram nobis while she is still in custody.

The Court finds that Defendant's § 2255 motion for post-conviction relief should be denied as untimely because a new substantive right has not been recognized within the past year that renders Defendant's conduct non-criminal. Defendant's alternative requests for relief should also be denied because Defendant has a suitable remedy in § 2255 and cannot bring her claims under these alternative vehicles when § 2255 is fully adequate to address her arguments. An appropriate order shall issue.

*Claude M. Hilton*
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
July 22, 2021